*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

SECRETARY OF STATE,

        Defendant-Appellee.

UNPUBLISHED
June 02, 2026
12:38 PM

No. 380907
Court of Claims
LC No. 26-000099-MB

---

ROBERT DAVIS,

        Plaintiff-Appellant,

v

SECRETARY OF STATE,

        Defendant-Appellee.

No. 380909
Court of Claims
LC No. 26-000103-MB

---

Before: YOUNG, P.J., and BOONSTRA and LIEVENSE, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff Robert Davis appeals as of right from the trial court's order granting summary disposition to defendant, the Secretary of State, and dismissing plaintiff's complaints. We affirm.

## BACKGROUND IN DOCKET NO. 380907

In Docket No. 380907, plaintiff appeals as of right from the dismissal of his complaint for mandamus and declaratory relief that he filed in lower court no. 26-000099-MB. The complaint challenges the validity of administrative rules, as well as certain candidates' affidavits of identity (AOIs).

As for his challenges to administrative rules, plaintiff argues in Docket No. 380907 that Mich Admin Code, R 168.5 is invalid. That rule contains a 7-day deadline for challenges to AOIs, and it contains a good-cause exception for late challenges. The rule provides as follows:

(1) Except as provided in subrule (3) of this rule, the filing official shall reject any challenge received more than 7 days after the deadline for the filing of the affidavit of identity.

(2) Except as provided in subrule (3) of this rule, the filing official shall reject any challenge that is not in the form of a signed and notarized complaint.

(3) The filing official may exercise discretion to accept a challenge that does not meet the requirements in subrules (1) and (2) of this rule on a showing of good cause. [*Id.*]

Plaintiff also challenges Mich Admin Code, R 168.3. This rule concerns a candidate's ability to correct information in an AOI that has been filed. The rule provides, in full:

(1) Subject to subrule (2) of this rule, a candidate who omits information required by section 558(2) of the Michigan election law, 1954 PA 116, MCL 168.558, may correct the omission by filing a new affidavit of identity up until the filing deadline elapses. The filing official shall disqualify a candidate who fails to correct an omission by the filing deadline. For purposes of this subrule, omissions include, but are not limited to, blanks or incomplete information on the affidavit of identity, but do not include omissions on the compliance statement required by section 558(4) of the Michigan election law, 1954 PA 116, MCL 168.558.

(2) The filing official shall disqualify a candidate who provides false information as of the date the candidate signed the affidavit of identity regarding information required by section 558(2) of the Michigan election law, 1954 PA 116, MCL 168.558. Candidates disqualified on this basis cannot reverse disqualification by filing a corrected affidavit. [*Id.*]

In addition to challenging the administrative rules, plaintiff argues that Darryl Ervin, a candidate for State House District 9, filed an invalid AOI. Ervin filed his AOI on December 9, 2025. Given the elected office sought by Ervin and its location within a single county, Ervin was required to file his AOI with the Wayne County Clerk. See MCL 168.163; MCL 168.558(1). Plaintiff waited until three days after the deadline for challenging the AOI, on May 1, 2026, to challenge Ervin's AOI with the Wayne County Election Clerk. The Wayne County Election clerk rejected this challenge as untimely and without good cause.

Also on May 1, 2026, plaintiff submitted a challenge to the AOI of Mark Koroi, a former candidate for the office of judge of the 31st District Court. Previously, Koroi filed his AOI with the Secretary of State, as required under MCL 168.467b(1). Defendant rejected plaintiff's challenge to Koroi's AOI as untimely.

BACKGROUND IN DOCKET NO. 380909

Docket No. 380909 arises from plaintiff's complaint in lower court no. 26-000103-MB. In that case, plaintiff filed a complaint with the Wayne County Clerk challenging the AOI of Toni Price Mua, a candidate for State House District 9. Mua was born under a different name and changed that name through a court proceeding under MCL 711.1 *et seq*., effective in 2020. Because of the office sought by Mua and because the district at issue was located solely within Wayne County, Mua had previously filed the AOI with the Wayne County Clerk. See MCL 168.163; MCL 168.558(1).

Plaintiff argued that Mua's AOI was required to list Mua's full former name in addition to Mua's current name. Mua had only listed a common-law name that Mua used for several years, which was the same name Mua had changed it to in the court proceeding. The Wayne County Clerk rejected plaintiff's challenge to Mua's AOI, citing defendant's guidelines for the use of common law names.

PERTINENT PROCEDURAL HISTORY

After he was unsuccessful in his challenges with election officials, plaintiff filed complaints in the Court of Claims. He sought to compel defendant to disqualify the candidates noted above and/or to compel the Wayne County Clerk to disqualify the candidates. After consolidating the cases, the Court of Claims issued a thorough opinion that granted summary disposition to defendant and that dismissed plaintiff's complaints. Turning first to plaintiff's challenge to Koroi's AOI, the Court of Claims dismissed the matter as moot. The court's opinion noted that Koroi was disqualified from the ballot due to his failure to meet residency requirements. Accordingly, because Koroi would not be appearing on the ballot, plaintiff's challenge to his AOI was moot and no relief could be granted.

As for plaintiff's challenge to Rule 168.3, the Court of Claims rejected the notion that the rule conflicted with this state's election law. Turning to plaintiff's challenge to Rule 168.5, the Court of Claims noted that this state's election law does not contain procedures for resolving challenges to AOIs. Hence, defendant was permitted, pursuant to statutorily bestowed rulemaking authority, to promulgate rules and procedures for challenging AOIs. This included, the court reasoned, placing time limits on challenges to AOIs.

Next, and turning to the remaining candidates challenged by plaintiff, the court noted that Ervin filed his AOI on December 9, 2025, which was more than four months before the challenge deadline. However, plaintiff waited until *after* the deadline to file his challenge to Ervin's AOI. The court reasoned that plaintiff could have filed his challenge earlier and therefore did not show good cause.

As to Mua, the Court of Claims rejected the notion that the AOI did not comply with statutory requirements for identifying the candidate's name. The court also rejected the idea that Mua could not secure both a statutory name change under MCL 711.1 *et seq*. and a common-law name change, and noted that the Secretary of State had found that Mua had established a common-law name change. Finally, the court rejected plaintiff's claim that the cited guidelines for names changes were not properly promulgated.

ANALYSIS

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 630; 997 NW2d 745 (2022). Plaintiff in this case sought mandamus relief. The trial court's decision whether to grant mandamus is reviewed for an abuse of discretion. *Sakorafos v Lyon Charter Twp*, 349 Mich App 176, 185; 27 NW3d 329 (2023).

With respect to mandamus,[1] we have described it as "an extraordinary remedy" that should issue "to enforce duties created by law, where the law has established no specific remedy and where, in justice and good government, there should be one." *Holliday v Bd of Canvassers*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 372267), slip op at p. 7 (quotation marks and citation omitted). To obtain mandamus relief, the plaintiff must establish:

> (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Id*. (quotation marks and citation omitted).]

Plaintiff also sought declaratory relief in the Court of Claims. In particular, he asked the Court of Claims to declare that certain administrative rules were invalid. "Questions of law relative to declaratory judgment actions are reviewed de novo, but the trial court's decision to grant or deny declaratory relief is reviewed for an abuse of discretion." *Barrow v Detroit Election Comm*, 305 Mich App 649, 662; 854 NW2d 489 (2014) (quotation marks and citation omitted).

DOCKET NO. 380907

RULE 168.5

Plaintiff first takes issue with Rule 168.5. This rule imposes a 7-day period for challenging a candidate's AOI. The rule also gives filing officials the ability to exercise discretion to accept late challenges on a showing of good cause. Plaintiff argues that the rule is invalid because state law does not set any procedures for challenging AOIs. He essentially takes the position that, in the absence of statutory procedures, no procedures should exist. He also argues that the good-cause exception that affords discretion to filing officials is arbitrary and capricious.

As plaintiff notes, a rule that conflicts with a statute is invalid. *Brightmore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 161; 975 NW2d 52 (2021). In addition, "[a]n agency's legislative rule may be determined to be invalid when the rule goes beyond the

---

[1] Plaintiff's briefing pays only passing attention to mandamus relief and instead cursorily asserts that the extraordinary remedy is warranted here. He also gives only passing consideration to the idea that some of the relief he seeks is relief that could have been pursued against a local election official, rather than against defendant. And for the reasons discussed *infra*, plaintiff's legal positions lack merit, leaving him unable to show the existence of a clear legal right or a clear legal duty that is necessary to seek mandamus relief.

-4-

parameters of the enabling statute, when the rule does not comply with the legislative intent underlying the enabling statute, or when the rule is arbitrary or capricious." *Id*.

For purposes of the instant opinion only, this Court will assume without deciding that there is a right to challenge an AOI as has been asserted by plaintiff's complaints. And with that assumption, we hold that the Court of Claims did not err when it held that plaintiff failed to show that Rule 168.5's temporal limit on AOI challenges was invalid. As plaintiff acknowledges, this state's election law "does not set forth any explicit procedure for resolving challenges to AOIs." *Moore v Genesee Co*, 337 Mich App 723, 732; 976 NW2d 921 (2021). See also *Berry v Garrett*, 316 Mich App 37, 43; 890 NW2d 882 (2016) (noting that Section 552 does not address the resolution of challenges to affidavits of identity). Stated otherwise, this state's election statutes are silent about the procedures for officials to use when weighing AOI challenges. This silence is precisely the type of scenario that is appropriate for administrative rulemaking. Indeed, it is entirely appropriate for administrative rules to fill a "gap" that has been left by a statutory regime that includes a delegation of rulemaking authority. See *Dep't of Labor & Econ Growth, Unemployment Ins Agency v Dykstra*, 283 Mich App 212, 224; 771 NW2d 432 (2009) (quotation marks and citation omitted). Further, we discern no part of the challenged rule that goes beyond the parameters of defendant's statutory authority, nor any part of the rule that is contrary to the Legislature's intent. The Court of Claims did not err in holding that the seven-day deadline for challenging an AOI was a permissible delegation of rulemaking authority.

Plaintiff's argument that that the good-cause exception to the seven-day requirement is arbitrary and capricious also fails. If plaintiff were correct, there would be no authority to allow the late challenges that he brought in this case. In any event, however, there is no merit to the assertion that the good-cause exception is arbitrary or capricious. The term "good cause" is a term of art that appears in a number of statutes and Court Rules and which has generally been defined to mean "a legally sufficient or substantial reason." *In re Utrera*, 281 Mich App 1, 22; 761 NW2d 253 (2008) (quotation marks and citation omitted). This well-recognized standard is neither arbitrary nor capricious. Indeed, "[a]rbitrary means fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances or significance, and capricious means apt to change suddenly, freakish or whimsical." *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 141; 807 NW2d 866 (2011) (quotation marks and citation omitted). Incorporating a well-established good-cause standard that is accepted in several statutes and Court Rules is not "freakish" or "whimsical."

In light of the above, the Wayne County Clerk had the authority to reject plaintiff's untimely challenge to Ervin's AOI. Furthermore, and as the Court of Claims pointed out, plaintiff waited months to challenge Ervin's AOI and only did so after the deadline for doing so. The prolonged delay undermines plaintiff's ability to demonstrate good cause. The Wayne County Clerk did not err, and defendant would have no obligation to inform the Wayne County Clerk to do anything differently with respect to plaintiff's challenge to Ervin's AOI.

RULE 168.3

Plaintiff next argues that Rule 168.3 is invalid. That rule pertains to a candidate's ability to correct information on an AOI that that candidate has filed. In general, a candidate's AOI must strictly comply with statutory requirements. *Moore*, 337 Mich App at 729-730. The failure to file

an AOI that conforms to this state's election law is sufficient to disqualify a candidate from the ballot. *Stumbo v Roe*, 332 Mich App 479, 481; 957 NW2d 830 (2020).

The issue in this case concerns a candidate's attempt to amend an AOI. Pertinent here, Rule 168.3(1) allows a candidate to correct omissions in an AOI by filing a new AOI until the filing deadline passes. Plaintiff argues that this rule conflicts with MCL 168.164 and MCL 168.558(1).

The two statutes at issue that plaintiff cites deal with candidate withdrawal and AOIs in general. As for the withdrawal statute, MCL 168.164 provides that:

> After the filing of a nominating petition or filing fee by or in behalf of a proposed candidate for the office of state senator or representative, such candidate shall not be permitted to withdraw unless a written notice of withdrawal is served on the official with whom his or her nominating petitions or filing fee were filed, or his or her duly authorized agent, not later than 4 o'clock, eastern standard time, in the afternoon of the third day after the last day for filing such petition.

In sum, the statute imposes limitations on a candidate's ability to withdraw after a candidate files a nominating petition. The statute is silent about amendments to AOIs.

MCL 168.558(1) provides that:

> When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, a candidate shall file with the officer with whom the petitions, fee, or affidavit is filed 2 copies of an affidavit of identity. A candidate nominated for a federal, state, county, city, township, or village office at a political party convention or caucus shall file an affidavit of identity within 1 business day after being nominated with the secretary of state. The affidavit of identity filing requirement does not apply to a candidate nominated for the office of President of the United States or Vice President of the United States. [*Id.*]

The statute specifies what must happen when a candidate files the pertinent documents to run for certain offices. To that end, the candidate must file, as is pertinent here, petitions, affidavits of candidacy, and two copies of an AOI. The statute is silent about amending an AOI that has already been filed.

Returning to this case, plaintiff argues that the combined effect of MCL 168.164 and MCL 168.558(1) is that an AOI must be filed along with nominating petitions or filing fees, and that two copies of the AOI must be filed. He contends that an AOI can only be amended if a candidate withdraws and then re-files and that the administrative rule regarding amendment contravenes these statutory demands.

Plaintiff's position is meritless. Neither statute he cites deals with amending AOIs. There is a "gap" in the statutory scheme when it comes to amending AOIs. Once again, the administrative rule at issue fills that gap. And it does so in a way that does not contravene the appliable statutes, which are silent on the issue of amendment. In addition, the rule is related to

the manner in which elections are conducted thereby making the rule consistent with the statute. Further, the rule is consistent with the pertinent statutory scheme by ensuring accuracy in AOIs. As a result, the rule at issue is not invalid for providing a procedure for timely amending an AOI. Cf. *Moore*, 337 Mich App at 732 (holding that an *untimely* attempt to amend an AOI was not permissible). Plaintiff has not identified any error or any legal right that defendant has with respect to plaintiff's challenge.

KOROI ISSUES

Plaintiff next argues that the Court of Claims erred by concluding that his requests for relief related to Koroi were moot. As noted, there is no indication at this time that Koroi will appear on the upcoming primary ballot. Koroi's disqualification makes it impossible for this Court to grant the relief plaintiff has requested, thereby rendering the matter moot. See *Christenson v Sec'y of State*, 336 Mich App 411, 418; 970 NW2d 417 (2021) ("An issue is moot if an event has occurred that renders it impossible for the court to grant relief."). Although plaintiff asks the Court to weigh in on whether he provided good cause for his late challenge to Koroi's AOI, the same will have no practical effect on the outcome of this case, confirming the mootness of the issue. See *id*. Nor has plaintiff identified any issues that are significant, yet likely to evade judicial review.

DOCKET NO. 380909

Plaintiff's remaining arguments concern the AOI filed by Mua and Mua's failure to list a former name on the AOI. The Wayne County Clerk rejected this challenge on the merits. The Court of Claims did not grant plaintiff relief with respect to his challenge to Mua.

A candidate's AOI "must contain the candidate's name . . ." MCL 168.558(2). The statute takes into account that a candidate might not use a name given to the candidate at birth. To that end, MCL 168.558(2) provides that "If a candidate is using a name that is not a name that he or she was given at birth, the candidate shall include on the affidavit of identity the candidate's full former name." Hence, in general, the candidate must list prior names on an AOI.

However, the requirement of listing a name change "does not apply if the name in question" is any of the following:

(a) A name that was formally changed at least 10 years before filing as a candidate.

(b) A name that was changed in a certificate of naturalization issued by a federal district court at the time the individual became a naturalized citizen at least 10 years before filing as a candidate.

(c) A name that was changed because of marriage.

(d) A name that was changed because of divorce, but only if to a legal name by which the individual was previously known.

(e) A name that constitutes a common law name as provided in [MCL 168.560b.] [MCL 168.558(3).]

-7-

At issue here is the exception for common-law names as provided in MCL 168.560b. That statute provides guidance for common law names, including that "a candidate may specify that a common law name used in accordance with Michigan department of state guidelines for use of a common law name on a driver license or state personal identification card shall appear on that ballot." MCL 168.560b(3). Accordingly, when MCL 168.558(3)(e) and MCL 168.560b(3) are read together, a candidate's AOI need not list a candidate's name change if the candidate goes by a name that is a common-law name that meets the requirements of MCL 168.560b(3).

To meet the requirements of MCL 168.560b(3) for common-law names, the statute directs that the Department of State guidelines for common-law names must be consulted. Plaintiff characterizes the following as constituting those guidelines[2]:

> Common Law Name Changes The common law name change process is used to adopt a name that is a reasonable derivation of a customer's current name, provided that the change is not done for fraudulent purposes. The common law name change process does not require court issued documents but other documentation is required.

> A customer can change the name on their driver's license or ID card by presenting three documents issued from various sources showing the name they wish to adopt.

Plaintiff has not argued that Mua's common-law name change failed to comply with the guidelines. Instead, he raises two challenges: (1) that Mua could not effectuate both a statutory and a common-law name change; and (2) that the guidelines cannot be relied upon under this state's election law.

Turning to plaintiff's first argument, plaintiff notes that Mua followed the statutory name-change procedures set forth in MCL 711.1(1). This process sets forth the procedure for filing a petition for name changes in the family division of the circuit court. *Id*. In *In re Warshefski*, 331 Mich App 83, 90; 951 NW2d 90 (2020), this Court recognized that the common law provides an additional means for a name change. The common-law method and the statutory method may both be utilized, and the statutory method did not displace the common-law method for changing one's name. *Id*. Given that the statutory name-change method did not abrogate the common law, there is no merit in plaintiff's argument in this case. As a result, Mua qualifies for the exception found in MCL 168.558(3)(e) and the AOI did not need to indicate a name change.

Plaintiff's second issue takes aim at the use of the Department of State guidelines for common-law names. As noted above, these guidelines were authorized by MCL 168.560b. Plaintiff argues that defendant should have promulgated these guidelines as rules under the Administrative Procedures Act (APA), MCL 24.201 *et seq*.

---

[2] Defendant contends that the document reflecting this language is a "branch office procedure." However, defendant does not contest that the document reflects an accurate description of the Department of State guidelines on this issue.

Plaintiff misreads the statute. The election statute at issue here does not involve a directive to defendant to promulgate formal regulations. Rather, the statute reflects the Legislature's intent to authorize the use of common-law names used in accordance with Department of State guidelines. The APA's constraints on guidelines and rulemaking are not implicated in this case because this particular matter does not involve an agency promulgating anything.[3] The Court of Claims did not err by concluding that Mua complied with the law or that the Wayne County Clerk did not err in rejecting plaintiff's challenge. And as a result, defendant did not need to advise or direct the Wayne County Clerk with respect to this matter.

CONCLUSION[4]

In both Docket No. 380907 and 380909, we affirm the decision of the Court of Claims. This opinion shall have immediate effect. MCR 7.215(F)(2).

/s/ Adrienne N. Young
/s/ Mark T. Boonstra
/s/ Andrew J. Lievense

---

[3] Plaintiff argues that the Court of Claims should have taken notice of his attempt to supplement the record with documentation from a Freedom of Information Act Request he filed with the Michigan Legislative Council. Any appeal to this documentation would be meritless because it is premised on plaintiff's incorrect assertions about the APA's applicability in this case.

[4] We decline to address the alternate grounds for affirmance argued by defendant.